### KNAPP v. HALL.

*(Supreme Court, General Term, Fifth Department.   January 22, 1892.)*

1. DEED—BUILDING RESTRICTIONS—RIGHTS OF GRANTEES.
   Where a plat-owner sells lots to sundry grantees on oral representations that all the lots in the plat will be sold subject to restrictions that no building shall be erected within 15 feet of the street line, and the deed for each lot sold restricts such limitation to the lot therein conveyed, and afterwards the plat-owner sells the only remaining two lots without restrictions, to a grantee who has no notice of the oral agreement with the other grantees, such grantee cannot be enjoined from building within 15 feet of the street line by a lot-owner whose complaint fails to show that plaintiff was influenced in purchasing his lot by his grantor's parol promise to him.

2. INJUNCTION—PLEADING.
   In such case, in an application for an injunction on a verified complaint, general averments that defendant had due notice of the restrictions created by parol, and that when plaintiff bought he was informed that the common grantor had agreed to insert the restrictions in all subsequent deeds, and averments made on information and belief, without giving in either case the source of information or the facts on which the averments are based, fail to prove the allegations.

   MACOMBER, J., dissenting.

Appeal from special term, Monroe county.

Action by Homer Knapp against Leo J. Hall. From an order denying defendant's motion to vacate and set aside an injunction order, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*Theodore Bacon*, for appellant. *John F. Dorthy*, for respondent.

LEWIS, J. Frederick S. Minges and others, being the owners of a tract of land in the city of Rochester, subdivided it into 117 lots, and caused a plan of the said subdivision to be made and filed in the Monroe county clerk's office, it being designated as the "Beechwood Tract." They put the lots in the market for sale, and, for the purpose of inducing persons to purchase them, they represented and stated that each of the lots in the tract lying west of Chamberlain street were to be sold and conveyed subject to certain restrictions, among which was one that the buildings or dwelling-houses to be erected upon the lots should stand not less than 15 feet from the front of each lot. On the 5th day of October, 1888, said owners sold and conveyed to one James Marden lots 76 and others upon said Beechwood tract. On the 18th day of December, 1890, the plaintiff in this action purchased from Marden lot No. 76. Prior to the 10th day of April, 1891, said Minges and others had sold and conveyed, or entered into contracts to sell and convey, all the lots upon said tract lying west of Chamberlain street, except lots Nos. 77 and 78, and the covenants and restrictions mentioned were inserted in each of these deeds and contracts. These lots were part of the Beechwood tract, and were west of Chamberlain street. On the 10th day of April, 1891, Minges and others conveyed to the appellant, Leo J. Hall, lots 77 and 78. The deed of these lots contained no restrictions. On obtaining title to said lots 77 and 78, the appellant commenced erecting a building upon lot 78, extending to within seven feet of the street in front of the lot. The respondent, on the 15th day of June, 1891, commenced this action to enjoin and restrain the defendant during the pendency of the action, and by the judgment of this court, permanently from erecting any building upon his lots extending nearer than 15 feet to the street in front of them, and procured a preliminary injunction order restraining the appellant from continuing the erection of his building nearer than 15 feet to the front line of his lot. The injunction order was based upon a verified complaint and upon affidavits. Defendant moved *ex parte* upon the plaintiff's papers for an order vacating the injunction, which was denied. He then moved the court at special term, upon a verified answer and upon affidavits, to set aside the order. His motion was denied, and he appealed from the order denying his motion to this court.

The contention of the respondent is that the owners of this tract of land, by their parol representations to the purchasers of the various lots, imposed upon the whole tract the restriction as to the location of the houses upon the lots. As stated, each conveyance containing the restrictions purported to restrict simply the land described in it. In order to be entitled to an injunction restraining the appellant, it was necessary, under the rule of law invoked by the respondent, that his papers upon which the injunction order was based should clearly and satisfactorily show that the appellant purchased his lots with notice of these parol declarations and promises of the general grantors. If the appellant's lands, which he holds under a deed containing upon its face no restrictions, are to have easements or servitudes imposed upon them by the parol declarations and promises made to others by his grantors, the proceedings should not be based upon shadowy and uncertain evidence. The respondent was also required to show that the appellant, at the time he took his title, had notice of the alleged restrictions upon the lots, and that when he or his grantor, Marden, purchased the plaintiff's lot, their grantor agreed that the restrictions mentioned should be imposed upon the whole tract. If

neither the plaintiff nor his grantor was influenced in purchasing the lot by any promises or declarations of their grantor as to the restrictions upon the block, there is no ground for the plaintiff to ask for relief in a court of equity. If the appellant was ignorant of any restrictions when he took title to his lots, it would hardly be claimed that he could be bound by the parol statement made to others by his grantors. No authority to which we have been referred has gone to the extent of holding that a grantee's lands could have imposed upon them by oral declarations restrictions of which he had no knowledge at the time he took his title. In the case of *Tallmadge* v. *Bank,* 26 N. Y. 105, which goes as far, if not further, than any other case to sustain the respondent's contention, the grantee had ample notice, when he took title, of the restrictions. upon his premises, and the plaintiff took his title upon assurances that the restrictions were imposed upon the defendant's land. The only evidence in the case which the plaintiff can claim tends to show notice to the appellant is contained in the seventh subdivision of the complaint, and in the respondent's affidavit of the date of June 13, 1891. In the complaint it is stated that the defendant, Hall, before the purchase of said lots 77 and 78, had knowledge and notice that such restrictions and covenants had been imposed upon all lots of the tract lying west of Chamberlain street, and which included the lots of the appellant. The complaint does not state any facts upon which this assertion that the defendant had such knowledge and notice was based, and, in the absence of the statement of the facts, the statement in the complaint fails to prove anything. The plaintiff's affidavit states that prior to the 10th day of June, 1891, he had several conversations with the defendant, Hall, regarding the erection of his building on lot 78 of the Beechwood tract, nearer than 15 feet to the front of said lot; that in the course of said conversations the defendant stated to the plaintiff, in substance, that he, the said Hall, knew the said Beechwood tract was restricted, but that he purchased his lots 77 and 78 on said tract without restrictions, and paid a big price for the privilege of utilizing them as he saw fit.

The conveyance of the lots to Hall was dated April 10, 1891, two months prior to the 10th day of June mentioned in the affidavit; so that the affidavit fails to state that the appellant admitted that he knew of the restrictions at the time he purchased his lots. His statement that he purchased his lots without restrictions, and paid a large price for the privilege of utilizing them as he saw fit, negatives the idea that he could have known of the restrictions at the time he purchased his lots. The affidavit of the appellant, read upon his motion to dissolve the injunction, states positively that he had no knowledge or information of the alleged restrictions at the time he took his title; and the affidavits of his grantors Frederick S. Minges, Cass Williams, and Emma H. Williams state that the lots were not restricted, and that they never informed the appellant of any restriction upon the lots at any time. All the evidence furnished by the respondent to show that he or his grantor Marden was influenced in their purchase of the lots by any promises of their grantors is contained in the third and fifth subdivisions of the plaintiff's complaint. The statements therein are made solely upon information and belief, without giving the source of the information and belief. Such statements prove nothing. It is stated in the fifth subdivision of the complaint that, at the time plaintiff entered into his contract with Marden for the purchase of the lot, he was informed that the covenants and restrictions had been inserted in all the deeds and contracts made, and that the grantors had promised and agreed to insert the same in all subsequent deeds and contracts for the sale of lots upon the tract. The complaint fails to state where or from whom he obtained his information. The plaintiff failed to show that he or his grantor was influenced in purchasing their lot by any promise or agreement of the owners of the land to impose the restrictions upon all the lots to be conveyed. We think the plaintiff failed to show facts entitling him to the injunction,

and that the order appealed from should be .reversed, with $10 costs and disbursements, and that the motion to dissolve the injunction should be granted, with $10 costs of motion.

DWIGHT, P. J., concurs. MACOMBER, J., dissents.